UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| RICHARD S. MORRIS, #192053, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:06-cv-13 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| TOM WARD, et al., | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This is a civil action brought *pro se* by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff is currently an inmate at the St. Louis Correctional Facility located in St. Louis, Michigan. On August 23, 2005, plaintiff was an inmate at the Ionia Maximum Correctional Facility ("ICF") located in Ionia, Michigan. Plaintiff named ICF's Warden Willie O. Smith and Resident Unit Officer Tom Ward as defendants. Plaintiff's complaint alleges that on August 23, 2005, he was involved in a serious physical altercation with another ICF prisoner, Everett Cochran. Plaintiff alleges that defendant Ward's actions on encountering the two fighting prisoners violated plaintiff's Eight Amendment rights. Plaintiff filed a grievance against Ward which was denied at Step 1. Warden Smith denied plaintiff's Step 2 appeal. Plaintiff's complaint requests injunctive relief and an award of monetary damages against defendants in their "personal and professional" capacities. Plaintiff also asks the court to order his immediate release from state prison.

On August 28, 2006, defendants filed a motion for summary judgment. (docket # 20). On August 28, 2006, the court issued an order advising plaintiff of his opportunity to submit

affidavits, documents or other materials in opposition to defendant's motion within 28 days. (docket # 23). On September 21, 2006, plaintiff filed a brief in response to defendant's motion for summary judgment. (docket # 27). Plaintiff did not submit affidavits or other admissible evidence in support of his claims. The affidavits of prisoners Michael L. Dozier and Brian A. Miller and medical records that plaintiff attached to his complaint (docket # 1, Exhibits A and B) have been considered. Upon review, I recommend that defendants' motion for summary judgment be granted, and that judgment be entered in favor of defendants on all plaintiff's claims.

## Applicable Standards

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Community Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir.), *cert. denied*, 126 S. Ct. 650 (2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir.), *cert. denied*, 126 S. Ct. 338 (2005). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see Tucker v. Union of Needletrades Indus. & Textile Workers*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

When the party without the burden of proof (generally the defendant) seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim.  *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).  Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings.  FED. R. CIV. P. 56(e); *see Pack v. Damon Corp.*, 434 F.3d 810, 814 (6th Cir. 2006).  The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990).  "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'"  *Daniels v. Woodside*, 396 F.3d 730, 734 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252); *see Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).  "A nonmoving party may not avoid a properly supported motion for summary judgment by simply arguing that it relies solely or in part on credibility considerations.  Instead, the nonmoving party must present evidence to defeat a properly supported motion for summary judgment.  The party opposing summary judgment must be able to point to some facts which may or will entitle him to judgment, or to refute the proof of the moving party in some material portion, and the opposing party may not merely recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof."

-3-

*Fogerty v. MGM Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004), *cert. denied*, 543 U.S. 1120 (2005).

## Facts

The following facts are beyond genuine issue.  On the morning of August 23, 2005, at approximately 9:30 a.m. ICF prisoners Everett Cochran and plaintiff were inside ICF's B-wing bathroom.  Cochran and plaintiff became embroiled in a fight.  Prisoner Cochran had armed himself with a squeegee.  Officer Ward, the first responder on the scene, called for backup.  He gave orders for prisoner Cochran to stop, to no avail.  Prisoners Dozier and Miller state in their affidavits that as plaintiff retreated from Cochran, both the prisoner combatants approached defendant Ward's position.  Dozier and Miller state that Officer Ward quickly retreated through the bathroom into the adjoining unit and returned with Officer Austin.  Ward's affidavit states that  plaintiff and Cochran ran out of the bathroom into the lobby, with Cochran chasing after plaintiff.  Cochran fell and hit his head, but got up and continued his pursuit.  It is undisputed that with assistance provided by Officers Austin and Tefft, prisoner Cochran was quickly disarmed, handcuffed, and separated from plaintiff.  Both prisoners received immediate medical attention.  It is likewise undisputed that during the course of his altercation with prisoner Cochran, plaintiff sustained a head injury which required stitches and a bite on his right index finger which necessitated a tetanus shot.  Plaintiff later filed a grievance against Officer Ward complaining that Officer Ward should have interjected himself between the combatants and utilized his panic button.  Plaintiff's grievance was denied at Step I.  Warden Smith denied plaintiff's Step II grievance appeal.

### Discussion

**1.     Plaintiff's Request for Release from Prison**

Plaintiff is held in state custody pursuant to a criminal conviction.  His request for release from prison is not available through a civil lawsuit pursuant to 42 U.S.C. § 1983.  *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973).

**2.     Plaintiff's Claims  for Injunctive Relief**

It is patent that plaintiff's claims for injunctive relief are moot as a result of his transfer to a different prison.  *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *see also Henderson v. Martin*, 73 F. App'x 115, 117 (6th Cir. 2003).

**3.     Eleventh Amendment Immunity**

Plaintiff's claims for monetary damages against defendants in their official capacities are barred by Eleventh Amendment immunity.  Eleventh Amendment immunity is a threshold issue that should be raised and decided by the trial court.  *See Nair v. Oakland County Cmty. Mental Health Auth.*, 443 F.3d 469, 474 (6th Cir. 2006); *Rossborough Mfg. Co. v. Trimble*, 301 F.3d 482, 489 (6th Cir. 2002);  *Johnson v. University of Cincinnati*, 215 F.3d 561, 570-71 (6th Cir. 2000).  A suit against a state officer in his official capacity is simply another way of pleading an action against the state.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  The Eleventh Amendment generally[1] bars suit in federal court against a state and its departments or agencies unless

---

[1] The well-recognized exception to the general rule is an action for prospective, non-monetary relief such as an injunction against a state officer in his or her official capacity based upon a claim that the state officer's action is unconstitutional.  *See Ex Parte Young*, 209 U.S. 123 (1908); *see also Edelman v. Jordan*, 415 U.S. 651, 664 (1974); *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005)(*en banc*).

the state has waived its sovereign immunity or unequivocally consented to be sued. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Skinner v. Govorchin*, 463 F.3d 518, 524 (6th Cir. 2006). The State of Michigan has not consented to civil rights suits in federal court. *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004); *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986); *see also Hill v. Michigan*, 62 F. App'x 114, 115 (6th Cir. 2003). Defendants are entitled to judgment in their favor as a matter of law on plaintiff's claims for monetary damages against them in their official capacities.

### 4.    Plaintiff's Eighth Amendment Claim Against Defendant Ward

Not every injury suffered by one prisoner at the hands of another translates into constitutional liability of prison officials. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "'To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety.'" *Woods v. LeCureux*, 110 F.3d 1215, 1222 (6th Cir. 1997) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). The Eighth Amendment proscribes deliberate indifference by prison officials to an unreasonable risk of injury to prison inmates. *See Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986); *McGhee v. Foltz*, 852 F.2d 876, 881 (6th Cir. 1988). In order to state an Eighth Amendment claim, two requirements must be met. First, "the deprivation alleged must be, objectively, 'sufficiently serious.' For a claim based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834; *Woods*, 110 F.3d at 1223. Plaintiff was engaged in a fight with another inmate who had armed himself with a squeegee. I will assume for analytical purposes that a reasonable trier of fact could find in plaintiff's favor on the objective

-6-

component of his Eighth Amendment claim. *But see, Lytle v. Gebhart*, 14 F. App'x 675, 678-79 (7th Cir. 2001)(collecting cases where federal courts have found that the objective component is not satisfied by spontaneous episodes of prisoner on prisoner violence).

The second component of an Eighth Amendment claim is that the prison official have a sufficiently culpable state of mind. No reasonable trier of fact could find in plaintiff's favor on this component. In *Farmer v. Brennan*, the Supreme Court held that the subjective element of a claim of deliberate indifference requires at least criminal recklessness. 511 U.S. at 839-40. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows and disregards and excessive risk to inmate health or safety; the official must be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." 511 U.S. at 837; *see also Lovett v. Hawley*, No. 96-1365, slip op. at 2 (6th Cir. Mar. 18, 1997). It is undisputed that on encountering the fighting inmates, defendant quickly summoned help and assisted in disarming and restraining prisoner Cochran. The federal courts have consistently held that no Eighth Amendment violation occurs under such circumstances. *See Winfield v. Bass*, 106 F.3d 525, 531-32 (4th Cir. 1997); *see also McDaniels v. McKenna*, 96 F. App'x 575, 580 (10th Cir. 2004); *Lytle v. Gebhart*, 14 F. App'x 675, 678 (7th Cir. 2001). I find that defendant Ward is entitled to judgment in his favor as a matter of law.

Alternatively, defendant Ward is entitled judgment in his favor as a matter of law on the basis of qualified immunity. Plaintiff has not alleged and supported with evidence facts showing that defendant's conduct violated a constitutional right for the reasons previously stated. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). The constitutional right that plaintiff claims that defendant

violated was not so clearly established that a reasonable officer in defendant Ward's position would have understood that what he was doing violated plaintiff's rights. *Saucier*, 533 U.S. at 201. The constitution has never required an unarmed prison guard, outnumbered by the prisoners in the area, to place himself at serious risk of virtually certain physical harm by placing himself between two fighting prisoners, rather than awaiting backup:

> [Plaintiff] is unable to point to any decisions establishing that an unarmed prison official exhibits deliberate indifference to an inmate's reasonable need for safety or acts unreasonably, by failing to intervene immediately in an attack by one prisoner armed with a dangerous weapon on another. Indeed, all of the authority of which we are aware leads to the conclusion that such heroic measures are not constitutionally required.

*Winfield*, 106 F.3d at 532-33 (collecting cases); *see Longoria v. Texas*, 473 F.3d 586, 594 (5th Cir. 2006)("[N]o rule of constitutional law requires unarmed officials to endanger their own safety in order to protect an inmate threatened with physical violence."). Defendant Ward was not required to spare plaintiff blows from prisoner Cochran by taking them himself. I find that defendant Ward is entitled to judgment in his favor on plaintiff's claims for monetary damages against him in his individual capacity on the alternative basis of qualified immunity.

### 5. Plaintiff's Claims Against Warden Smith

Plaintiff's claims against defendant Smith require little discussion. Plaintiff's dissatisfaction with the warden's response to plaintiff's grievance fails to state any claim of constitutional dimension. *See Skinner v. Govorchin*, 463 F.3d at 525; *Keenan v. Marker*, 23 F. App'x. 405, 407 (6th Cir. 2001). Plaintiff's complaint makes a passing reference to Warden Smith as being a "co-conspirator." (docket # 1, ¶ 6). It is well settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material

facts will not be sufficient to state a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *see Jackson v. Madery*, 158 F. App'x 656, 659 (6th Cir. 2005); *Mettetal v. Vanderbilt Univ., Legal Dep't*, 147 F. App'x 577, 585 (6th Cir. 2005). Plaintiff did not plead, much less support with evidence, a viable civil conspiracy claim. Finally, liability of supervisory officers under 42 U.S.C. § 1983 cannot be based upon a *respondeat superior* theory. *See Skinner v. Govorchin*, 463 F.3d at 525; *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 470 (6th Cir. 2006); *Turner v. City of Taylor*, 412 F.3d 629, 643 (6th Cir. 2005).

Plaintiff has not shown that defendant Smith's conduct violated any constitutional right, much less that it violated a clearly established constitutional right. I find that defendant Smith is entitled to judgment in his favor on the alternative basis of qualified immunity.

## **Recommended Disposition**

For the foregoing reasons, I recommend that defendants' motion for summary judgment (docket # 20) be granted, and the judgment be entered in favor of defendants on all plaintiff's claims.

Dated:  February 15, 2007            /s/  Joseph G. Scoville
                                     United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).