UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD S. MORRIS, #192053,

        Plaintiff,

v.

                                            File No.  4:06-CV-13

TOM WARD, et al.,                      HON. ROBERT HOLMES BELL

        Defendants.
                                          /

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

        This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff Richard S. Morris.  Defendants, Officer Tom Ward and Warden Willie Smith, filed a motion for summary judgment.  (Defs.' Mot. for Summ. J., Docket # 20.)  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation ("R&R") recommending that this Court grant the motion and enter a judgment in favor of Defendants on all of Plaintiff's claims.  The matter is presently before the Court on Plaintiff's objection to the R&R.  (Pl.'s Objections to the R&R, Docket #44.)  For the reasons that follow, Plaintiff's objections are denied and the R&R is adopted in its entirety as the opinion of the Court.

        On August 23, 2005, while incarcerated at the Ionia Maximum Correctional Facility ("ICF"), Plaintiff was involved in a fight with fellow prisoner Everett Cochran.  Cochran was armed with a squeegee.  Officer Ward was the first guard to respond to the fight.  Officer

Ward ordered Cochran to stop and called for backup. After two other guards arrived, Cochran was disarmed and restrained. Both prisoners received immediate medical attention.

This Court reviews *de novo* those portions of a R&R to which objections are made. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. § 636(b)(1). Plaintiff raises three objections to the R&R.

Plaintiff objects to the Magistrate Judge's conclusion that Officer Ward is entitled to qualified immunity. Plaintiff contends that Officer Ward violated his clearly established Eighth Amendment rights by not immediately interposing himself between Plaintiff and Cochran. The Eighth Amendment does not require a prison guard to intervene in an armed assault by one inmate against another inmate when the intervention would place the guard in danger of physical harm. *Longoria v. Texas*, 473 F.3d 586, 594 (5th Cir. 2006) ("[N]o rule of constitutional law requires unarmed officials to endanger their own safety in order to protect a prison inmate threatened with physical violence."); *Tucker v. Evans*, 276 F.3d 999, 1001 (8th Cir. 2002) ("We have held in several cases that qualified immunity for prison officials is appropriate when an Eighth Amendment failure-to-protect claim arises from inmate injuries resulting from a surprise attack by another inmate."); *Patmon v. Parker*, 3 Fed. App'x. 337, 338 (6th Cir. 2001) (unpublished) ("[P]rison guards have no constitutional duty to intervene in an armed assault by an inmate when the intervention would place the guard in danger of physical harm."); *Winfield v. Bass*, 106 F.3d 525, 532 (4th Cir. 1997)

("Winfield is unable to point to any decisions establishing that an unarmed prison official exhibits deliberate indifference to an inmate's reasonable need for safety, or acts unreasonably, by failing to intervene immediately in an attack by one prisoner armed with a dangerous weapon on another."); *Prosser v. Ross*, 70 F.3d 1005, 1008 (8th Cir. 1995) ("[P]rison guards have no constitutional duty to intervene in the armed assault of one inmate upon another when intervention would place the guards in danger of physical harm."). Officer Ward violated no "clearly established" law by not immediately interposing himself between Plaintiff and Cochran. Defendant Ward is entitled to qualified immunity on this basis.

Next, Plaintiff objects to the Magistrate Judge's conclusion that injunctive relief is unavailable. Plaintiff frames his argument in terms of the Eleventh Amendment, however, the R&R stated that injunctive relief was unavailable because Plaintiff has been transferred to a different prison. A prisoner's request for injunctive relief is moot if he is no longer confined to the institution where the allegedly offending conduct occurred. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). The allegedly offending conduct occurred at the ICF. As Plaintiff is no longer confined to the ICF, Plaintiff's request for injunctive relief against ICF officials is moot.

Lastly, Plaintiff objects to the Magistrate Judge's conclusion that Officer Ward is entitled to summary judgment on Plaintiff's Eighth Amendment claim because Plaintiff has not shown the elements required for a failure to prevent harm claim. Plaintiff argues that the

Magistrate Judge concluded that Cochran did not pose a risk of serious harm to Plaintiff. The R&R contains no such conclusion. The Magistrate Judge recommended that summary judgment be granted for Officer Ward on the Eighth Amendment claim because no reasonable trier of fact could conclude that Officer Ward had a sufficiently culpable state of mind.

"[A] prison official violates the Eighth Amendment only when two requirements are met." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "First, the deprivation alleged must be, objectively, 'sufficiently serious' . . . ." *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The Magistrate Judge assumed for the purpose of summary judgment that Plaintiff would prevail on the first requirement. Second, "a prison official must have a 'sufficiently culpable state of mind.'" *Id.* (quoting *Wilson*, 501 U.S. at 297). Plaintiff does not dispute that Officer Ward encountered fighting inmates, quickly summoned help, and after two other guards arrived he assisted in the disarming and restraining of Cochran. In such circumstances a prison official does not have a "sufficiently culpable" state of mind, so there was no violation of the Eighth Amendment. *See, e.g.*, *Winfield v. Bass*, 106 F.3d 525, 531-32 (4th Cir. 1997); *MacKay v. Farnsworth*, 48 F.3d 491, 493 (10th Cir. 1995). Thus, no reasonable trier of fact could find for Plaintiff on his Eighth Amendment claim against Officer Ward.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's objections (Docket #32) to the Report and Recommendation of the Magistrate Judge are **DENIED** and

the Report and Recommendation of the Magistrate Judge (Docket #29) is **ADOPTED** in its entirety as the opinion of this Court.


Date:     March 27, 2007              /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      CHIEF UNITED STATES DISTRICT JUDGE