UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RICHARD MORRIS, #192053,     )
)
          Plaintiff,     )     Case No. 4:06-cv-13
)
v.     )     Honorable Robert Holmes Bell
)
TOM WARD, et al.,     )
)     **MEMORANDUM OPINION**
          Defendants.     )
_____)

This was a civil rights action brought by a state prisoner pursuant to 42 U.S.C. §1983. On March 27, 2007, the court entered judgment in favor of defendants. (docket # 34). Defendants filed a timely motion to tax costs in the amount of $51.72. (docket # 35). On April 2, 2007, the court issued an order directing plaintiff to file a response to defendants' motion on or before April 23, 2007. (docket # 39). Plaintiff elected not to file a response.

The United States Court of Appeals for the Sixth Circuit reviews lower court decisions on motions to tax costs under a deferential abuse of discretion standard. *See Knology, Inc. v. Insight Commc'ns Co.*, 460 F.3d 722, 728 (6th Cir. 2006). Generally, costs other than attorney's fees are allowed as a matter of course to the prevailing party unless the court otherwise directs. FED. R. CIV. P. 54(d). This language creates a presumption in favor of awarding costs. *See McDonald v. Petree*, 409 F.3d 724, 732 (6th Cir. 2005): *see also Knology*, 460 F.3d at 726. In its discretion, the court does not find that any relevant factor weighs sufficiently in plaintiff's favor to provide a basis for disturbing the presumption in favor of awarding costs. *See McDonald*, 409 F.3d at 732; *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001). Defendants' motion is supported by

verification that each item of cost or disbursement was correct and had been necessarily incurred in this action and that the services for which fees had been charged were actually and necessarily performed.  Plaintiff has not objected to the reasonableness or appropriateness of any cost item sought by defendants.  The court finds that the costs sought by defendants are authorized by statute and are reasonable in nature and amount.  *See Sams v. State Attorneys General (In re Cardizem CD Antitrust Litig.)*, 481 F.3d 355, 359-60 (6th Cir. 2007).  Costs in the amount of $51.72 are therefore approved, and judgment will be entered in defendants' favor in that amount.

Plaintiff filed his complaint years after the effective date of the Prison Litigation Reform Act ("PLRA").  All costs incurred by defendants were incurred after the effective date of the PLRA.  The PLRA establishes a statutory formula for periodic payment of costs taxed against prisoner litigants.  28 U.S.C. §§1915(b)(2), (f)(2)(B);  *see Skinner v. Govorchin*, 463 F.3d 518, 522 (6th Cir. 2006).   Under the PLRA, plaintiff is required to make an initial payment of costs equal to twenty-percent of the greater of (a) the average monthly deposits to his prison account, or (b) the average monthly balance in his account over a six-month period.  28 U.S.C. § 1915(f)(2)(B).  Plaintiff's certificate establishing prisoner account activity (docket # 38) shows an average monthly account deposit of $86.67, and twenty percent of that is  $17.34.  Therefore, $17.34 is immediately payable by plaintiff to the Michigan Attorney General's Office.  The remaining $34.38 is to be paid by plaintiff to the Michigan Attorney General's Office by withdrawing twenty-percent of the monthly income credited to plaintiff's account until paid in full, "so long as $10 remains in the account each month."  *Skinner*, 463 F.3d at 524.

The Michigan Department of Corrections is not required to immediately forward withdrawn funds totaling less than $10.00 to the State Attorney General's Office, but must take steps

to make sure that the total amount withdrawn does not exceed the $51.72 in costs awarded against

plaintiff.  28 U.S.C. § 1915(f)(2)(C).


Date:_____May 31, 2007_____          /s/ Robert Holmes Bell_____
                                        ROBERT HOLMES BELL
                                        CHIEF UNITED STATES DISTRICT JUDGE